Dissenting opinion.of
Jones, J.
(See this case p. 116 sec. ed., p. 164 first ed.)
The record presents the following case: Reuben Gentry and wife obtained judgment against Baily, in the Circuit Court of Cooper county, for .$200 debt and $22 33 1-2 damages, with costs. A writ of fieri facias having issued on this judgment, returnable on the fourth Monday of January last, the Sheriff in answer thereto returned, that he had, by virtue thereof, levied on a negro man, the property of the defendant, and there having been no endorsement made on the execution by the plaintiff, the defendant offered his bond, with security, agreeably to law, to stay further proceedings on execution, which bond was taken as sufficient, and was therewith returned. That the levy was made on 1st October, 1821, and the said bond was made and given on the 13th of February, 1822. At the last term of the Circuit Court, the plaintiff’s counsel moved to quash the proceedings of the Sheriff therein, in taking the replevin bond to slay the issuing of another execution, and the collection of the judgment, in the cause as theretofore rendered; and also moved the Court to award them an alias execution, on the ground that the law on which the Sheriff -acted in taking the bond, was unconstitutional and void.
The Court decided that the proceedings had under the execution should be quashed and set aside, and that the plaintiff should have another execution against the defend *241 ¿ant, and which has accordingly Been issued. To reverse this decision of the Circuit 'Court, a writ of error has been brought, and this Court has been applied to for a supersedeas thereon. The counsel of both parties have confined their arguments •chiefly as to the constitutionality of the act of Assembly, pointing out the manner that executions may be stayed, and regulating the -sale of property under execution, approved 28th December, 1821.
A preliminary question, however, presents itself for consideration ; that is, whether the Circuit Court, under the circumstances of the case as stated, had legal authority to quash the Sheriff’s return in foto, and award the issuing of a new execution. The first execution is admitted to be good, and so is that part of the Sheriff’s return which states his having levied on the negro man.; but then it is contended that, because all the proceedings of the Sheriff, subsequent to the levy, are void; that the whole return is vitiated thereby. I think differently, and am of opinion that the Circuit Court, instead of quashing the whole of the return, ought (in case it conceived the act of Assembly referred to, to be urfconstitutional and void,) to have ■only quashed the proceedings of the Sheriff subsequent to the levy, (which is admitted to have been lawfully made and returned, although the value of the negro is -not stated, which, in strictness, ought to have been done, but which has been hut little attended to in practice in this State,.) and to have awarded a writ of venditioni -exponas, commanding the Sheriff to sell the negro levied on, (who, horn aught that •appears to the contrary from the record, and in contemplation of law, was in possession of the Sheriff)) and -have the money, arising from the proceeds of such sale, in Court at the return day thereof, to render to the plaintiffs for their debt, damages (339) and costs: Salk., 318, p. 1; Bac. Abr. 719, and numerous' other authorities there cited. That the award of an alias execution, after a levy made on the first, 'and before the remedy on that levy had been exhausted, is erroneous on the following authorities. If a Sheriff takes goods in execution by virtue of a fieri facias, whether he sells them, or not, yet being taken from the defendant, against whom the execution was issued, he may plead that taking in discharge of himself, md -shall not he liable to a second execution: 2 Mod. 214; 2 Bac. Abr. 720. If a Sheriff takes bond, (as was done in this case,) this is a good execution, and the Sheriff shall answer for the money: 2 Bac. Mr. 720. As, therefore, the defendant is, in these cases, discharged as to the plaintiffs, it is clearly agreed that the plaintiff may maintain an action •against the Sheriff: 2 Bac. Mr. 720, and several other authorities there cited. If the Sheriff, in return to a writ oí fieri facias, states that he had levied on property of a defendant, and that they were rescued out of this hands, he makes himself liable to an •action of debt; or a scire facias may be brought against him by the plaintiff) who otherwise would be without remedy : 3 Williams’ Saunders, p. 344. The same doctrine is recognized by Lord Holt, (as reported in 2 Lord Raymond, 1075, in the case •of Clark v. Withers,) who said that the Sheriff was answerable for the value of the goods, after he has seized them, and is botmd to sell them at all events, to the value of the goods he lias returned them of; and, although the goods are lost or rescued from, him, .he is bound to the value he returned them to he of, and an action of debt lies against him for that value. By a law of the State, the goods of the defendant are bound from the delivery of a writ of fieri facias to the Sheriff; so that he can neither sell nor dispose of them, even to a bona fide purchaser. The record does not state when the writ, in this case, was delivered to the.Sherifl) but it must have been before the 1st October, 1821, when the levy ,wa3 actually made; from which time the negro *242 was, in contemplation of law, in the actual, not implied, possession of the Sheriff, and continued in such, his possession, until at least the return day of the writ, viz; the fourth Monday in January, a period of nearly four months, during which the defendant was not only deprived of the services of the negro, but is also chargeable with the legal interest on the amount of the judgment. It is, however, contended by the plaintiff’s counsel, that it is to he presumed the negro continued in possession of the defendant until the 13th February, when the bond is said to have been executed. This position is, in my opinion, not sustainable, because it would create a presumption clearly contrary to law. A Sheriff cannot deliver goods levied on under an execution by fieri facias, either to the plaintiff or the defendant, but he ought to sell them: 2 Vent. 95; 2 Rac. Mr. 716. It has been contended that the Sheriff ought not to be held responsible, if it should appear he was mistaken as to the constitutionality of the law under which he is said to have taken the bond.
A Sheriff, in my opinion, acts on his own responsibility; not only as to the force and construction of statutes, bu( also as to matter of fact, of which, in many cases, he could have no means to inform himself o£ Pie is, at his peril, to levy on the property of the defendant; for if he lakes and sells the property of any other person, even through mistake, he is liable to an action, although great doubts may exist, whether the goods belong to the defendant, or such other person. If, on the other-hand, he should not make the levy, and return mUa bona to the writ, he is liable to the action of the plaintiff in the execution, if it should appear that the goods really belonged to the defendant. Numerous are the cases reported in the English books, where actions have been sustained against Sheriffs, by persons alledged to have become bankrupt by their assignees, or by other persons, for the purpose of ascertaining whether an act of bankruptcy had been committed, and if so, at what time; and if the Sheriff has been mistaken, either in point of law, or in matter of fact, as found by the jury, he is held to be responsible. No doubt has been suggested as to the sufficiency of the return, if the law in question is constitutional and valid, nor that the bond therein referred to, was given and executed conformably to its provisions. Admitting, however, that law to be unconstitutional and void, the decision of the Circuit Court is, in my opinion, erroneous; because, by the levy on the negro, the defendant was, from that moment, no longer liable to the plaintiff, (unless, indeed, in case of a deficiency on the sale of him to pay the amount of the execution,) whose only remedy is against the Sheriff. I much regret that such a question as that of deciding on the constitutionality of an act of the Legislature, should be brought before this Court by way of motion, and an immediate decision pressed. It would have been much more satisfactory, that a question of such imporlace had been brought before the Court by appeal or writ of error from the judgment of a Circuit Court, in an action wherein the whole matter would have been spread upon the record. And it is the more to be regretted, because more than one member of this Court have been crediby informed, that the same question will, in a few weeks, be brought before them on an appeal, or writ of error, to reverse the judgment of a Circuit Court in the third judicial district.
Being of opinion, that the Circuit Court of Cooper county erred, in quashing the Sheriff’s return in toto, and awarding an alias, or new execution, against the defendant, and that a decision on the constitutionality of the act of the Legislature is not necessary on the question now before the Court, (being an incidental one,) I shall forbear giving my opinion thereon at this time. Should, however, the same question. *243 come before the Court, either in the case alluded to, now depending in the third judicial district, or in any one properly brought, it will then be my duty to give such opinion, and it shall be done. I am for granting the supersedeas prayed for.